# In the United States Court of Federal Claims
(Pro Se)

|  |  |
|---|---|
| NEANO S. MITCHELL, | ) |
| Plaintiff, | ) |
| v. | ) No. 25-426 <br> ) (Filed: June 17, 2025) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Neano Mitchell, a prisoner in the Richard J. Donovan Correctional Facility, has filed a motion for reconsideration of the order dismissing his claim. Mot. for Recons., Docket No. 10. On March 11, 2025, the Court ordered that Mr. Mitchell amend his defective application to proceed in forma pauperis ("IFP") by April 10, 2025. Order, Docket No. 6. The Court never received a response to its order, so it dismissed Mr. Mitchell's claim on April 28, 2025, for failure to prosecute pursuant to RCFC 41(b). Order of Dismissal, Docket No. 8; see also Cerf v. United States, 621 Fed. App'x 651, 652–53 (Fed. Cir. 2015) (per curiam) (affirming dismissal pursuant to RCFC 41(b) when plaintiff "failed to file . . . by the deadline set by the trial court").

In his motion, however, Mr. Mitchell asserts that he attempted to comply with the Court's March 11 order. He says that he "turn[ed] over" completed IFP applications and verification statements "on or before March 23, 2025, in a fully prepaid U.S. postage seal envelope" to the appropriate correctional officers. Mot. for Recons. at 1–2. Mr. Mitchell states that if the Court did not receive his corrected IFP application, "it was not due to Plaintiff's failure to comply with the Court's order." Id.

Mr. Mitchell styled his motion as a "motion for reconsideration under Rule 60." Id. at 1. But motions for reconsideration are governed by Rule 59, while Rule 60 governs motions for relief from judgment. The motion could fit within the subject matter and timelines of both Rule 59 and Rule 60, see RCFC 59(a)(1), (b)(1); RCFC 60(b), but the Court construes Mr. Mitchell's motion as a motion for relief from judgment for "excusable neglect" under RCFC 60(b)(1).

For purposes of RCFC 60(b)(1), "neglect" encompasses "inadvertence, mistake, or carelessness, as well as . . . intervening circumstances beyond the party's control." Amgen Inc. v. Hoechst Marion Roussel, Inc., 25 Fed. App'x 923 (Fed. Cir. 2001) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993)). Failure to meet a filing deadline can be "excusable neglect." Info. Sys. & Networks Corp. v. United States, 994 F.2d 792, 796 (Fed. Cir. 1993). Here, Mr. Mitchell neglected to file a corrected IFP application by the

Court's April 10, 2025 deadline because of intervening circumstances beyond his control—namely, his mail was not delivered after he gave it to the appropriate officers. Mot. for Recons. at 1–2.

In considering a motion for relief from judgment under RCFC 60(b)(1) for reasons of "excusable neglect," a court should balance three factors: "(1) whether the movant has a meritorious claim or defense; (2) whether the nonmovant would be prejudiced by the granting of relief; and (3) whether the matter sought to be relieved was caused by the movant's own culpable conduct." Orient Overseas Container Line (UK) Ltd. v. United States, 52 Fed. Cl. 805, 807 (2002) (citing Info. Sys. & Networks Corp., 994 F.2d at 795).

First, a plaintiff's claim "shall be deemed meritorious if it merely states 'a legally tenable cause of action.'" Id. (quoting Stelco Holding Co. v. United States, 44 Fed. Cl. 703, 709 (2002)). Mr. Mitchell alleges that he filed for a Recovery Rebate Credit in April 2022, which the IRS approved in a Notice of Refund. Compl. at 1, Docket No. 1. However, Mr. Mitchell claims that he has not received the refund. Id. If these allegations are true, Mr. Mitchell may have a meritorious claim. Cf. Middlebrook v. United States, No. 23-1066, 2024 WL 836747 (Fed. Cl. Feb. 28, 2024) (dismissing plaintiff's claim for stimulus fund payments on other grounds). Second, the nonmoving party will not be prejudiced by the granting of relief. The Court dismissed Mr. Mitchell's complaint without prejudice, so the government's position may not be materially changed by the Court's ruling on this motion. Third, a party's conduct is "culpable" if they "willful[ly] . . . intended to violate court rules and procedures." Orient, 52 Fed. Cl. at 808 (citing Info. Sys., 994 F.2d at 796). Mr. Mitchell claims that he attempted to comply with the Court's order by giving his corrected IFP form, in a postmarked envelope, to the appropriate correctional officers. Mot. for Recons. at 1–2. This evidences no intent to defy the Court's order. Therefore, Mr. Mitchell's failure to meet the Court's deadline appears to be excusable, and the Court will grant the motion for reconsideration.

The Court cautions Mr. Mitchell, however, that his application must comply with the requirements of 28 U.S.C. § 1915 or his claim may again be dismissed. Mr. Mitchell's previous, defective IFP application included an account statement for only the 2-month period preceding the filing of the complaint. See IFP Appl., Docket No. 5. His corrected application must include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). It also must include an affidavit detailing "all assets [he] possesses" and demonstrating that he "is unable to pay [the required filing] fees or give security therefor." Id. § 1915(a)(1).

For the foregoing reasons, the motion for relief from judgment, Docket No. 10, is **GRANTED**. The April 28, 2025 order of dismissal is **VACATED**. The Clerk is directed to reinstate Mr. Mitchell. The government's obligation to answer Mr. Mitchell's complaint is **STAYED** until Mr. Mitchell pays the filing fee or the Court grants an application to proceed in forma pauperis.

Mr. Mitchell is directed to either pay the $405.00 in required fees or submit a complete in forma pauperis application on or before **July 18, 2025**. If Mr. Mitchell fails to comply with

this order, this action shall be dismissed without prejudice for failure to prosecute under Rule 41 of the Rules of the United States Court of Federal Claims.

    **IT IS SO ORDERED.**

                        /s/ Elaine D. Kaplan
                        ELAINE D. KAPLAN
                        Judge