# In the United States Court of Federal Claims

| | |
|---|---|
| NEANO S. MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | No. 25-426T<br>(Filed: August 25, 2026) |

Neano S. Mitchell, pro se, San Diego, CA, Plaintiff.

L. Steven Schifano, Trial Attorney, Tax Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom were Jason Bergmann, Assistant Director, Joshua Wu, Deputy Assistant Attorney General, and Brett A. Shumate, Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

The plaintiff in this case, Neano S. Mitchell, filed this action to secure refunds of taxes he paid for tax years 2020 and 2021 based on his alleged entitlement to Economic Impact Payments ("EIPs") authorized by Congress in response to the COVID-19 pandemic. See Compl., Dkt. No. 1. The government has moved to dismiss Mr. Mitchell's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). Def.'s Mot. to Dismiss, Dkt. No. 31 [hereinafter Def.'s Mot.]. The government asserts that this Court lacks subject-matter jurisdiction over Mr. Mitchell's claim because he failed to file administrative claims with the IRS seeking the tax refunds he now claims. Def.'s Mot. at 7–8 (citing I.R.C. § 7422(a)). For the following reasons, the Court agrees and will grant the government's motion to dismiss and dismiss Mr. Mitchell's complaint.

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may go outside of the pleadings when ruling on a motion to dismiss under RCFC 12(b)(1) and "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, as this one is, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se

plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004).

Under 28 U.S.C. § 1346(a)(1), the Court of Federal Claims has concurrent jurisdiction with the district courts over "[a]ny civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws." However, this jurisdictional grant is subject to the limitation set forth in I.R.C. § 7422(a), which states that no suit for a refund of taxes may be heard in any court "until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." See also United States v. Dalm, 494 U.S. 596, 609–10 (1990) (treating the filing requirement as a jurisdictional limitation); 26 C.F.R. § 301.6402-2(a)(2), (c)–(d) (setting forth procedural requirements for tax refund claims). In this case, the regulations governing tax refund claims (26 C.F.R. § 301.6402-3(a)(1), (2)) required Mr. Mitchell to have either requested a refund on his Form 1040 for the tax years in question or to have filed an amended individual income tax return on a Form 1040X requesting such a refund.

Plaintiffs seeking a refund in the Court of Federal Claims must also adhere to the pleading requirements outlined in RCFC 9(m). Pursuant to that rule, a party "pleading a claim for a tax refund" must provide "a copy of the claim for refund" and a statement which includes "the name, address, and identification number of the taxpayer(s) appearing on the return. RCFC 9(m). These requirements "embody the jurisdictional prerequisites for maintaining [a tax refund] suit in this court." Simmons v. United States, 127 Fed. Cl. 153, 160 (2016).

In this case, Mr. Mitchell has failed to comply with both I.R.C. § 7422 and RCFC 9(m). According to IRS records, Mr. Mitchell never submitted returns for the 2020 and 2021 tax years. Decl. of Revenue Officer, Dkt. No. 31-2. Mr. Mitchell alleged in his complaint that he did file such returns, but "there is a strong presumption that the IRS records are correct, and it is the taxpayer's burden to overcome that presumption." Duke v. United States, 173 Fed. Cl. 630, 634 (2024) (citing United States v. Fior D'Italia, Inc., 536 U.S. 238, 242–43 (2002)). Mr. Mitchell has produced no evidence to overcome this presumption. Cf. 26 C.F.R. § 301.7502-1(e).

Additionally, IRS records reveal that the social security number Mr. Mitchell provided in his complaint belongs to another individual. See Decl. of Revenue Officer. Mr. Mitchell maintains that he provided the correct social security number, Pl.'s Resp. to Mot. to Dismiss, Dkt. No. 34, but he has provided no evidence to support this claim and therefore has not rebutted the presumption that IRS records are correct. Even assuming Mr. Mitchell's tax refund claim otherwise has merit, he cannot obtain relief without providing the correct social security number. I.R.C. §§ 6428(g)(1)(A), 6428A(g)(1)(A), 6428B(e)(2)(A).

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss, Dkt. No. 31, is **GRANTED**. The complaint is **DISMISSED without prejudice**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge